*Fairfield,*
June, 1844.

Meeker
*v.*
Meeker.

## MEEKER *against* MEEKER and others.

The clause in a deed acknowledging payment of the consideration, is only *prima facie* evidence of the amount, liable to be varied by parol proof; its design and effect being to prevent a resulting trust to the grantor.

Where the consideration expressed in a deed from a father to his son, was 2000 dollars; it was held, that parol evidence was admissible to show, that nothing was in fact paid, but that the conveyance was made as an advancement to the son.

Whether the conveyance of property, by a father to his son, without the payment of a valuable consideration, is to be considered as advanced portion or a gift, or partly one and partly the other, depends upon the intent of the grantor.

Where land was conveyed, by a father to his son, which was admitted by the grantee to be worth 2000 dollars, and claimed by the adverse party to be worth 3300 dollars; and it was found, that the intention of the grantor, in making the conveyance, was, to advance a portion of his estate to the grantee, equal only to the advancement which he had made to each of his other sons, which was 1000 dollars; it was held, that the grantee ought to be charged with that sum only as advanced portion.

THIS was an appeal from a decree of probate, adjusting the advancements made by *Azariah Meeker,* deceased, to his children. By that decree, it was decided, that the following sums were received by the persons whose names are set against them respectively, as advanced portions, *viz. Alfred Meeker,* 1000 dollars; *Burr Meeker,* 1000 dollars; *Daniel Meeker,* 1000 dollars; *Harry Meeker,* 2000 dollars. An appeal was taken by *Harry Meeker,* alleging, in his reasons of appeal, that he did not receive said sum of 2000 dollars, or any other sum, as advanced portion, from the estate of said *Azariah Meeker.*

The appellees, in reply, averred, that on the 16th of *April,* 1842, said *Azariah,* by his deed of warranty of that date, conveyed to the appellant, in fee-simple, as advanced portion, out of his the grantor's estate, a certain tract of land, [describing it,] which conveyance the appellant accepted as such advanced portion, and immediately entered into the possession and occupancy thereof; and that said estate, so conveyed to the appellant, was, at the time of the conveyance, and still is, of the value of 3,300 dollars, which ought to be allowed and charged against him, as advanced portion of that amount. These allegations were traversed, by the appellant; on which issue was joined.

Meeker
*v.*
Meeker.

The cause was tried at *Danbury, October* term, 1843, before *Hinman,* J.

On the trial, the appellees, to prove that the advancement allowed against the appellant, was in fact made, by *Azariah Meeker,* offered in evidence the deed of conveyance referred to, which was in the usual form, and expressed to be for the consideration of 2000 dollars; and in connexion with such deed, the appellees offered evidence to show, that the consideration of 2000 dollars therein expressed, was never paid, by the appellant, to said *Azariah;* and also to show, by the declarations of said *Azariah,* that the land so conveyed to the appellant, was intended as an advancement to him.   No objection was made to the admission of the deed, and it was accordingly read in evidence ; but the appellant objected to the other evidence offered by the appellees.   This evidence consisted of the testimony of *Cortes Marchant,* Esq., the magistrate who drew the deed.   He testified, that on the day of the date of the deed, he was called to the house of *Azariah Meeker,* who told him, that he wanted to give the appellant a deed of the land specified in said deed ; that the deed was drawn according to his direction, the consideration expressed therein being 2000 dollars; that he said, on the same occasion, that he had before given to his sons, *Alfred, Burr,* and *Daniel,* 1000 dollars each, *viz.* to *Burr* and *Daniel* 1000 dollars each in land, and to *Alfred* 1000 dollars in money ; that had he given the appellant 1000 dollars, at the time when he gave his other sons their 1000 dollars each, it would have been worth to him, the appellant, at the time of the giving of said deed to him, the sum of 2000 dollars ; and that he wanted to make the appellant equal to his other sons respectively.   The court admitted this evidence, subject to the appellant's objection.

It was admitted, by the appellant, that the land so conveyed to him was worth 2000 dollars, the consideration expressed in the deed.   The appellees claimed, and offered evidence to prove, that it was worth 3,300 dollars ; and they insisted, that the appellant should be charged with that sum, by way of advancement ; and that the evidence offered by them, was proper, for the purpose of showing the intent of said *Azariah* in giving the deed.   The appellant objected to this evidence ; and the court excluded it.

The court found, that said *Azariah* intended said grant of land to the appellant, as an advancement; and that it was his intention, in making the grant, to make an advancement to the grantee, to the same extent only to which he had made advancements to each of his other sons, so that in the final distribution of the estate, the appellant should be chargeable, by way of advancement, with the same amount, as each of the other sons should then be chargeable with.

*Fairfield,*
June, 1844.

Meeker
*v.*
Meeker.

The case was reserved for the consideration and advice of this court, as to the admissibility of the evidence offered by the appellant and received by the court, and of that offered by the appellees and rejected, and as to the question what decree should be passed upon the facts found.

*Bissell* and *Hawley,* for the appellant, contended, 1. That the testimony offered by the appellees to show that the consideration expressed in the deed was not the true consideration, was inadmissible; for, in the first place, it went to contradict the deed. The deed imports a *sale* for a *valuable* consideration. That which goes to show it to be any thing but such a sale, tends to give it an effect different from what its language imports,—is inconsistent with and contradicts it. A conveyance can never be shown, by parol, to be to any other use or intent than it expresses. Where a consideration is expressed, you cannot prove there was none, or substitute a different one, by disproving that which is expressed. *Bowen* v. *Bell,* 20 *Johns. R.* 338. 341. *Belden* v. *Seymour,* 8 *Conn. R.* 312. 314. 317. *Schemerhorn* v. *Vanderheyden,* 1 *Johns. R.* 139. *Maigley* v. *Hauer,* 7 *Johns R.* 341. *Hildreth* v. *Sands,* 2 *Johns. Ch. R.* 43. *Peacock* v. *Monk,* 1 *Ves.* 128. *Clarkson* v. *Hanway,* 2 *P. Wms.* 204. *Baker* v. *Dewey,* 1 *Barn. & Cres.* 704. (8 *E. C. L.* 193.) 1 *Phil. Ev.* 549. *Hill & Cowen's* notes, 217. 1441. 1 *Fonb.* 172. n. But secondly, aside from the general rule, the testimony in question was inadmissible; for whether an advancement or not, is always a question of *intent,* a gift not being of course an advancement. To make it such, there must be some evidence furnished by the giver, that he so *intends* it. 1 *Sw. Dig.* 458. Here no such intent is shown, but the reverse; for the deed, purporting to be for a full consideration, evinces an intent that it shall be thus considered—*i. e.* a sale for a full

consideration, and not an advancement. The rule that a consideration expressed, rebuts a resulting trust, is applicable here ; for it rebuts all presumption that it was intended as an advancement.

2. That proof that the land was worth more than 2000 dollars, was inadmissible. The grantor had a right to affix his own valuation. But if the evidence was admissible, the decree was erroneous ; for on the facts found, the appellant ought to be charged with 1000 dollars only, to make him equal with the other sons.

*Belden* and *Butler*, for the appellees, contended, 1. That the testimony offered regarding the consideration, was properly admitted. It was admissible, in the first place, to show, that no consideration was in fact paid, or expected to be paid, for the conveyance. At law, the recital in a deed respecting the consideration, is not conclusive for *any purpose*, except to rebut a resulting trust. The *American* decisions have gradually reached the point, that such recital is *prima facie* evidence only, and may be controuled or rebutted, by parol evidence. Some of the courts have been disposed to hold back so far as not to permit a *good* consideration to be shown, where a *valuable* one is expressed in the deed. But " it requires a subtle discrimination to discern the distinction on which they have proceeded." *Sparrow* v. *Smith*, 5 *Conn. R.* 113. 117. *Belden* v. *Seymour*, 8 *Conn. R.* 304. and cases cited. *McCrea* v. *Purmort*, 16 *Wend.* 460. and cases cited. *Clapp* v. *Tirrell*, 20 *Pick.* 247. Secondly, the testimony was admissible, to show that the conveyance was in fact in consideration of love and affection, and was so received ; and in either event, it would be an advancement. *Hatch* v. *Straight*, 3 *Conn. R.* 31. 34. Thirdly, this evidence would be clearly admissible in chancery, to show a mistake, or to prove a fraudulent operation of the deed. The courts of probate have entire jurisdiction of the subject matter of advancements, and possess all the necessary incidental chancery powers. If the question is brought by appeal before the superior court, it must be viewed in the same light, and treated in the same manner, as in the court below.

2. That the evidence regarding the value of the land, should have been admitted. It was proper, first, to show,

that the consideration expressed in the deed, was inadequate and nominal. Secondly, to show the value of the land, and thereby the amount of the advancement. Advancements bear no interest, and are to be charged at their value when made.

*Fairfield,*
*June, 1844.*

Meeker
*v.*
Meeker.

WAITE, J. Whatever the law upon the subject may be in *England*, it is now settled in this state, that the clause in a deed acknowledging the payment of the consideration, is not designed to fix conclusively the amount paid or to be paid, but to prevent a resulting trust in the grantor. It is but *prima facie* evidence, liable to be varied or controuled, by parol proof, in cases collateral to the deed and the construction of it. *Belden* v. *Seymour*, 8 *Conn. R.* 304. *Sparrow* v. *Smith*, 5 *Conn. R.* 113. *Baker* v. *Dewey*, 1 *Barn. & Cres.* 704. (8 *E. C. L.* 193.) The same doctrine is recognized in *Massachusetts* and *New-York*. *Clapp* v. *Tirrell*, 20 *Pick.* 247. *McCrea* v. *Purmort*, 16 *Wend.* 460.

Hence, although the consideration expressed in the deed, was two thousand dollars, parol testimony was nevertheless admissible, for the purpose of showing what in fact was the real consideration. From that testimony it appears, that nothing was paid, but that the conveyance was given as an advancement to the son. He was, therefore, properly chargeable on that account.

The next inquiry is as to the amount for which he ought to be so charged. This must depend upon the meaning and intention of the grantor. The latter, being the owner of the property, and having the power to dispose of it at pleasure, might have conveyed it to his son as a gift, or partly as a gift, and partly by way of advancement.

Suppose the property had been in fact worth three thousand three hundred dollars, as claimed by the appellees;— and the grantor had stated in the deed, or upon his books, that the son was to be charged with the sum of one thousand dollars only, as advanced portion; and all that the property was worth over and above that sum, was a gift, for which the son was not to be charged in the final settlement of the estate; could there be any doubt as to the amount of the advancement? The testimony in this case leads to the same result.

Fairfield,
June, 1844.

Meeker
v.
Meeker.

The father could not justly charge the son with any sum by way of advancement greater than the value of the property; but he might charge him as much less as he pleased. Had there been no evidence as to the intent of the father in making the advancement, the value of the property would be *prima facie* evidence of the amount to be charged. But that intent, being shown, governs the amount.

Our opinion, therefore, is, that the evidence was properly admitted, by the superior court; that the decree of the court of probate charging the appellant with an advancement of two thousand dollars, is erroneous, and ought to be set aside; and that he ought to be charged only with the sum of one thousand dollars.

In this opinion, the other Judges concurred.

Decree of probate reversed.