HANNAN and others vs. OXLEY, impleaded with others.

*Answer in partition. — Deed from husband to wife — Consideration — How far recitals conclusive.*

1. It is a good answer to an action for partition, that the defendant has an estate for life or widowhood in the land sought to be divided.
2. A deed from a husband directly to his wife is good in equity.
3. Such a deed cannot be impeached in equity, by the heirs, on the ground that it was made in consideration of property of the wife which belonged *in law* to the husband.
4. Recitals in a deed are not conclusive between the parties, as to the consideration or its payment; and parol proof may be given to show an additional consideration not inconsistent with the deed.

APPEAL from the Circuit Court for *Milwaukee* County.

The material facts are stated in the opinion, *infra*. The sixth defense pleaded by *Jane Oxley* set up the trust deed from Christopher Oxley, her late husband, to C. E. Jenkins, referred to in the opinion, and bearing date April 1, 1848. The seventh defense stated that on the 18th of November, 1848, said Christopher Oxley, in consideration that the said *Jane*, by her industry and economy, had enabled him to pay for and improve the property in question, and in consideration of $600, and "for natural love and affection," and to provide for her maintenance and support, conveyed said premises to her in fee, by deed of that date (which is set forth at length), whereby the said Christopher evidenced his intention to abandon the conveyance first aforesaid (the one to Jenkins as trustee), and to bestow said property upon the said *Jane*, who thereupon took possession thereof, and has ever since held the same, claiming under said deed. Prayer, that she may be adjudged the owner in fee. The consideration recited in the deed is, "six hundred dollars, money of account of the United States." Demurrers by the plaintiffs to these defenses were sustained; and *Jane Oxley* appealed.

*N. S. Murphy*, for appellant.

*Peter Yates*, for respondents:

The appellant must stand upon her answer, which claims the fee under the last deed, and alleges that the first was abandoned. The last deed was not valid at law. *White v. Wager*, 25 N. Y. 328. In order to make the conveyance good in equity as a gift, within the principle of *Putnam v. Bicknell*, 18 Wis. 333, it is averred that the consideration, in part, was "natural love and affection." The deed was executed before the enactment of the married woman's law, and when the services of the wife, as well as her personal property, belonged absolutely to the husband. The deed recites a money consideration only, and it cannot be sustained by proof *aliunde*, that there was a *good* consideration in addition to the valuable

one alone specified in the deed. 2 Cowen & Hills' Notes to Phillips' Ev. p. 1442, note 964, and pp. 1451–53, note 972; *Hildreth v. Sands*, 2 Johns. Ch. 35; 2 Ves. 628; 2 Sch. & Lef. 501. The trust deed was void, as creating a perpetuity. 2 Greenl. Cruise, 338, § 18; 4 Kent, 5; 2 Chitty's Black. 107; 20 Johns. 537; 2 Wash. Real Prop. 356–8, 364; 16 Wend. 61; 14 id. 265, 305; 20 id. 564; 29 Barb. 112; 5 N. Y. 408; 9 id. 403.

PAINE, J. This action was for a partition. Two daughters, who were the heirs at law of Christopher Oxley, deceased, together with their husbands, and *Jane Oxley*, the widow, were the parties. The heirs at law claim the land in question, subject to the widow's right of dower. The widow claims the entire estate under a deed executed by her deceased husband directly to herself. If this should be held invalid, she claims an estate during her widowhood under a former trust deed executed by her husband to Charles E. Jenkins, as trustee for her during her widowhood, afterward for the daughters. If either of these deeds was effectual for the purposes intended, it furnishes a good answer to the claim of the heirs for a partition of the estate.

I cannot see why the deed from the husband to the wife, directly, is not good in equity. In *Putnam v. Bicknell*, 18 Wis. 333, this court decided that such a deed was good in equity, and cited a great number of authorities sustaining the position. The respondents' counsel admit that that decision "was fully justified by old and well settled rules of equity." He does not pretend that a court of equity would not sustain this deed if made upon a valuable, good or meritorious consideration, or even, under proper circumstances, as a gift, without any consideration at all. But he says this deed, which is recited in the answer, purports to be for a consideration of $600 in money, and that, inasmuch as at that time all the

wife's money belonged, in law, to the husband, there was in fact no consideration, and therefore a court of equity should not sustain the deed upon the consideration mentioned in it. But this I understand to be directly repugnant to the reasoning upon which courts of equity have always acted in relation to this subject. For although the property of the wife belonged in law to the husband, yet whenever he saw fit voluntarily to make any provision for her in consideration of having received it, they regarded that as a meritorious consideration sufficient to sustain the provision. · They would even use their power in a more affirmative manner by compelling the husband to make provision for the wife as a condition to furnishing him any aid to obtain possession of her property. And it would be strange indeed, if, in view of that well established rule, they should refuse to regard her property, to which he was entitled at law, as a sufficient consideration to sustain a conveyance to her voluntarily made by him. I should be compelled, therefore, to hold that the $600 of the wife's money was a meritorious consideration in the eye of a court of equity, sufficient to sustain the deed, although the money belonged in law to the husband, even if the rule of law were as claimed by the respondents' counsel, that no parol evidence would be admissible to prove any other or different consideration from that expressed in the deed.

He does not deny that a deed from the husband to the wife in consideration of natural love and affection, which is alleged in this answer, would be sustained; but he says, that, as this deed recites no such consideration, none such can be proved. I shall not attempt to review the authorities upon the subject, but refer to the following as showing that the recitals in a deed are not conclusive between the parties as to the consideration or its payment, but that, in a case like this, at least, where there is no question as to the rights of creditors, parol evidence may be introduced to show an additional consideration to that

expressed, and consistent with it, for the purpose of sustaining a deed. *Speer v. Speer*, 1 McCarter (N. J.), 240; *McMahan v. Stewart*, 23 Ind. 590; *McKinster v. Babcock*, 26 N. Y. 378; *Meeker v. Meeker*, 16 Conn. 383; *McCrea v. Purmort*, 16 Wend. 460; *Abbott v. Marshall*, 48 Maine, 44; *Ely v. Wolcott*, 4 Allen, 506; *Bullard v. Briggs*, 7 Pick. 533; *Coles v. Soulsby*, 21 Cal. 47; *Vail and Wife v. McMillan*, 17 Ohio St. 617.

I think, therefore, that neither the position that the consideration expressed in the deed would not be a meritorious one, sufficient to sustain it in a court of equity, nor the one that the widow would be precluded from showing that there was also a consideration of natural love and affection, although not expressed in the deed, is well taken.

And as these are the only grounds suggested for avoiding the application of the rule, the demurrer to this part of the answer was improperly sustained.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings.