W. R. BARBEE et al. v. B. W. BARBEE et al.

*Advancements—Evidence.*

The fact that a father conveyed to his son a tract of land worth $1,200, for a recited valuable consideration of $400, will not prevent the grantee from being charged with the difference as an advancement, if it was the purpose of the grantor to do so; and the purpose to treat it as an advancement may be proved by parol evidence.

SPECIAL PROCEEDING for partition, heard at Spring Term, 1891, of DURHAM Superior Court, *Boykin, J.,* presiding.

The following is so much of the case stated on appeal as need be reported :

In 1872 Gray Barbee, the ancestor of the parties, and who subsequently died intestate, conveyed to his son B. W. Barbee, a tract of land by a deed of bargain and sale in fee, regular in form and with usual covenants of warranty. The consideration expressed in said deed was four hundred dollars, and this was actually paid by said grantee, $100 to the grantor, and $100, according to his direction, to each of three

other children of said grantor. The land was worth $1,200, and this amount, deducting the $400 which the land actually cost him, made the said B. W. Barbee share in the advantage of the partition of some of his lands made by the said Gray Barbee equally with his brothers and sisters, who were advanced. The referee, who found as facts that the price paid by said B. W. Barbee was $400, and the actual value of the land conveyed was $1,200, found also, as a fact, that the said Gray Barbee intended the $800 excess of value over the price paid as an advancement to said B. W. Barbee.

Upon a consideration of the report of the referee, finding the facts as just stated, and the opinion the Supreme Court filed in this case, his Honor held that the grantee was chargeable with $800, the difference between the price paid for said land and the value of said land as an advancement, and rendered the judgment set out in the record. Appellant insisted, that as it was found as a fact, and undisputed, that he had paid $400 for the land, the same (the land) could not be charged to him as an advancement, nor could any part of it, though its actual value was $1,200. This objection was overruled, and the defendant excepted, and appealed to the Supreme Court from so much of the judgment only as charged him with said $800, he being charged in said judgment with $1,137.50 for land, while, as he insisted, he should only have been charged with $337 50.

The defendant appellant B W. Barbee contended that there was no evidence to sustain the referee's finding as to the intent of Gray Barbee that the land conveyed should be an advancement. Plaintiff contended that there was.

*Messrs. J. Parker* and *W. A. Guthrie,* for plaintiff.
*Messrs. W. W. Fuller* and *John W. Graham,* for defendant.

MERRIMON, C. J.—after stating the case: This case has been before this Court by a former appeal disposed of at the

last term.   In that appeal (see *Barbee* v. *Barbee,* 108 N. C., 581) it was decided that the recital in the deed of the payment of the consideration therein specified for the land referred to conveyed by the appellant's father to him, did not preclude and estop the plaintiffs from showing by parol evidence that the real value of the land was not the consideration recited in the deed, but was in fact $1,200, and that the father intended that the appellant should account for 800 of that sum as an advancement in the division of his estate among his children after his death.   It appears from exceptions to evidence that one purpose of this appeal is to ask the Court to overrule or modify that decision.   If the appellant was dissatisfied with it he should have made his application to rehear.   That would have been the orderly and regular course to pursue.   Perhaps we have the power to overrule the decision, but we are entirely satisfied with its correctness, and are not in the least inclined to disturb it.

The mere fact that the appellant's father in his life-time conveyed to him a tract of land worth $1,200, and recited in the deed of conveyance the consideration for it of $400, could not prevent the father from charging the appellant with the value of the land above and beyond the consideration recited in the deed as an advancement, if he saw fit and really intended to do so.   The father might find it convenient to do so, and there is no rule of justice, nor principle, nor statute, nor reason of policy that forbids it to be done.   It might be better and safer to explain in the deed such purpose, but it is not at all necessary that this shall be done. The purpose to treat a part of the value of the land as an advancement may be proven by parol evidence, whether the same be in writing or not.   The cases of *Harper* v. *Harper,* 92 N. C., 300, and *Barbee* v. *Barbee, supra,* in effect sustain the view just expressed.   It is difficult to conceive of a just reason why a father shall not have the right to require his son to pay part of the value of a tract of land he conveys to

the latter and charge him with the remaining part as an advancement. *Meeker* v. *Meeker*, 16 Conn , 383; *Speer* v. *Speer*, 14 N. J (Chan.), 240.

The evidence is voluminous, and it would serve no useful purpose to recite and advert to it here in detail. It is sufficient to say that we have examined it, and cannot hesitate to decide that there was competent evidence before the referee from which he might find that the father of the appellant intended to charge the latter with $800 of the value of the land referred to, not as a gift, but as an advancement.

The objections and exceptions to the admission of evidence before the referee do not appear to have been passed upon by the Court below, and hence they are not before us for review. It seems that it was not intended that we should consider them.

Judgment affirmed.