### F. M. DOUGLAS v. I. W. WALKER.

#### Decided March 2, 1906.

**1.—Venue—Colorable Assignment of Claim.**

Facts considered, and held to sustain appellant's contention that the assignment of the account sued on was colorable, and made for the purpose of bringing suit in a county other than that in which defendant resided.

**2.—Newly Discovered Evidence.**

Facts considered, and held not to show want of diligence in producing certain evidence upon the trial.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*I. M. Standifer* and *S. R. Perryman,* for appellant.—It being admitted that the defendant Douglas resided in Grayson County at the time of the institution of the suit and the proof showing that the claim upon which suit was brought was transferred and assigned by Dorance & Company to I. W. Walker without valuable consideration, and with the fraudulent intent of conferring jurisdiction on the District Court of Harris County and depriving defendant of his privilege of being sued in the county of his residence, the verdict of the jury against defendant on his plea of privilege is without support in fact or law, and the court should have granted defendant a new trial.

The newly discovered evidence was material, and would probably produce a different result on another trial, and defendant Douglas was not lacking in the use of diligence to secure it, and the court should have granted this defendant's motion for a new trial. (Houston & T. C. Ry. Co. v. Forsyth, 49 Texas, 178.

*Baker, Botts, Parker & Garwood,* for appellees.—If the transfer from Dorrance & Company to appellee was a real transfer, not a simulated one, the suit was properly brought in Harris County, no matter what appellee's intent may have been in purchasing same. Christie v. Gunter, 26 Texas, 700; Turner v. Brooks, 21 S. W. Rep., 404; Cleveland v. Campbell, 38 S. W. Rep., 219; National Exchange Bank v. Foley, 66 S. W. Rep., 249; Crawford v. Neal, 144 U. S., 585; Desty's Fed. Prac. (9th ed.), vol. 1, sec. 88, pp. 424, 5, 6.

GILL, CHIEF JUSTICE.—Dorrance & Co. of Houston, Texas, a firm engaged in the buying and selling of cotton, bought 179 bales from F. M. Douglas at 9¼ cents per pound on a middling basis. The cotton was shipped by Douglas from Van Alystyne, Texas, to the purchasers

at Houston, and drafts drawn on Dorrance & Co. for the purchase price. These drafts were paid before the arrival of the cotton.

Dorrance & Co. claimed that a part of the cotton classed much below the classification on which the price was fixed and paid; that the difference amounted to $1,343.46, and this sum he demanded of Douglas. This demand was refused, whereupon Dorrance & Co. promptly brought suit against him in Grayson County, where Douglas resided.

Shortly thereafter the suit was voluntarily dismissed by Dorrance & Co. Thereupon they went to their attorneys and had a written transfer prepared purporting to sell and transfer the account to I. W. Walker of Houston, Texas, for a consideration of $1,209.12, guaranteeing the payment of the account to the extent of $1,209.12 and interest, and agreeing to reimburse Walker for cost of suit and reasonable attorney's fees in case he had to sue. It was stipulated in the writing that the guaranty was performable in Harris County. This assignment between Walker and Dorrance & Co. was consummated on January 31, 1904.

Thereupon Walker wrote Douglas that if the latter would settle, he, Walker, would make some concessions in the way of compromise, otherwise he would sue at once in Harris County. Douglas refused to treat with him, and this suit was brought by Walker in Harris County, Dorrance & Co. being joined as guarantors.

Dorrance & Co. appeared and answered admitting the truth of Walker's allegations. Walker's attorneys prepared their answer and represented them and Walker jointly at the trial.

Douglas in due form interposed a plea of privilege setting up his right to be sued in the county of his residence, and attacking the transfer to Walker as simulated and made alone for the fraudulent purpose of conferring jurisdiction on the courts of Harris County.

Evidence was heard upon that issue and upon the merits. Both issues were found against Douglas and judgment followed for the full sum sued for. Judgment was also rendered against Dorrance & Co. for $1,209.12 and interest and $200 attorney's fees.

From that judgment Douglas has appealed and here insists the judgment should be reversed because the verdict on the plea of venue is against the manifest truth of the case, and because the court erred in overruling the motion for new trial based upon that contention and upon newly discovered evidence.

We are of opinion that the assignment assailing the action of the trial court in overruling the motion for new trial is meritorious.

Without entering into a detailed comment on the testimony of the plaintiff and the members of the firm of Dorrance & Co., who testified upon the issue, we may safely say it was of the most unsatisfactory character. It was attended with circumstances and abounded in statements which reflected upon its truth. In addition to this, Walker, who admitted he had no property subject to execution and was not a money lender, but in the main a borrower, and who also admitted that Dorrance & Co. were amply solvent, testified on cross examination that he did not pay the money by check but in cash, at the time the deal was consummated in Houston. He could give no satisfactory account of how he came by the money, but in response to persistent cross examina-

tion he stated that he either went down to House's bank or the First National Bank of Houston and drew out that sum or else sent his clerk, Womack. This clerk was not called as a witness.

On motion for rehearing defendant offered as newly discovered evidence the affidavits of officials of the First National Bank and House's Bank to the effect that Walker had not had an account with the First National Bank for several years prior to January 31, 1904. That he had an account with House's Bank on that date, but it was not only overdrawn but no check or transaction corresponding with that described by Walker was handled by House's Bank either on the 30th or 31st of January, 1904. While this new testimony may be capable of explanation the fact remains that Walker did not undertake to meet it, and standing alone it is calculated to command a heavy weight against Walker's statement. We can not say it would not probably have changed the result.

Appellees contend that appellants should have had the testimony at the trial, basing the contention upon the fact that the trial occurred in Houston and the two banks in question were situated there.

We think the effective answer to this is that the trial occurred more than a year after the date to which the testimony was addressed. To ascertain the state of the banks' books required time, an investigation by the bank officials. It is a fair inference that defendant would not have known without outside inquiry what official to summon. It is equally true that he could not foresee what Walker's testimony would be. We think therefore the defendant can not be held to have been negligent in failing to ask for process for the bank officials on the mere chance that they would contradict the plaintiff.

We can sustain none of the objections of Douglas to the charge of the court on this issue. It seems to be well settled that if the transfer of the account is actual and for a valuable consideration the motives which actuated the parties become immaterial. The rule is thus stated in Crawford v. Neal, 144 U. S., 585:

"If the transfers of the judgment to the complainant were fictitious, the plaintiffs therein continuing to be the real parties in interest, and the complainant but a nominal or colorable party, his name being used only for the purpose of jurisdiction, then the objection to the jurisdiction of the Circuit Court would be well taken; but if the transfers were absolute, and the judgment creditors parted with all their interest for good consideration, then the mere fact that one of the motives of the purchase may have been to enable the purchaser to bring suit in the United States court, would not be sufficient to defeat the jurisdiction." (National Exchange Bank v. Foley, 66 S. W. Rep., 249.)

The assignments assailing the part of the court's charge on the measure of liability can not be sustained. It is not open to the objection urged. It is, however, inaccurate, a fact we mention in view of another trial.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*