HORNE v. STOCKTON. (No. 5496.)

(Court of Civil Appeals of Texas. Austin. May 26, 1915.)

1. APPEAL AND ERROR &#9758;1046—RECORD ON APPEAL—DEFECTS—DOCUMENTS.

Where the prevailing party in a lawsuit has taken away a receipt alleged to have been forged, which was offered in evidence at the trial, and failed to return it as ordered by the court, thereby depriving appellant of a correct statement of facts on appeal, and of his right to have the original receipt submitted to the appellate court for inspection, the case will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. &#9758;1046.]

2. NEW TRIAL &#9758;99—GROUNDS—SURPRISE— CUMULATIVE EVIDENCE.

In a suit upon a note, wherein defendant introduced a receipt showing a certain payment which plaintiff alleged was a forgery, it was no objection to the granting of a new trial on the ground of surprise that testimony as to such receipt would be cumulative; the rule as to cumulative evidence not applying where a party has had no fair opportunity to procure evidence on an issue raised by his adversary for the first time during the trial by the introduction of evidence which could not be anticipated.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 166; Dec. Dig. &#9758;99.]

3. NEW TRIAL &#9758;102 — GROUNDS — NEWLY DISCOVERED EVIDENCE—KNOWLEDGE OF MATERIALITY.

A new trial will be granted on newly discovered evidence, although the moving party knew at the time of the trial that he could prove the facts set out in his motion by the witnesses named, where the materiality of such testimony was not known to him until the trial was in progress.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 168; Dec. Dig. &#9758;102.]

Appeal from Lampasas County Court; J. Tom Higgins, Judge.

Action by A. L. Horne against W. P. Stockton on a note. From a judgment allowing defendant certain credits, and from a denial of a new trial, plaintiff appeals. Reversed and remanded.

A. McFarland and Matthews & Browning, all of Lampasas, for appellant.

### Findings of Fact.

JENKINS, J. Appellant brought this suit against appellee to recover on a note, upon which was credited $100, January 20, 1912. Appellee answered that he had paid an additional $100 on the note on April 20, 1913. Upon the trial appellee produced what purported to be a receipt from appellant for $100, dated April 20, 1913. This receipt was written upon a billhead of appellant, who is, and for some years has been, a merchant

---

in the town of Lometa, Lampasas county. The billhead is as follows:

"Lometa, Texas ———, 191—.

"M ————————————————————

"In account with
"A. L. Horne
"Dry Goods and Groceries
"Agents for M. Born & Co. Tailors."

Appellee testified that he borrowed this $100 from Hugh Nelson on the day that he paid the same to appellant. April 20th was Sunday, and appellee testified that he paid appellant the $100 on Saturday, April 19, 1913. Hugh Nelson testified that he loaned appellee $100 on that day. Jim Ware testified that appellee borrowed $100 from Hugh Nelson about April 19, 1913, and that he went with appellee to Horne's store, but did not go in; that appellee went in and in a few minutes afterwards came out; that witness asked him if he had paid Horne, and he replied, "Yes," and exhibited a piece of paper, which the witness did not look at.

Appellant testified that appellee did not pay him $100 on said note, or any other amount, except the $100 credited on the note January 20, 1912; that the receipt offered in evidence was a forgery, in that the figure 1 therein had been changed to 4, and the figure 2 to 3; that the figures 1 and 3 written in said receipt were written with paler ink than the other figures, and were not in his handwriting. Appellant further testified that the billhead upon which said receipt was written was not used by him after January, 1912; that at that time he ceased to be agent for M. Born & Co., Tailors; and that he had none of said billheads in his store or place of business during the year 1913.

There was a verdict and judgment, allowing appellee credit for the additional $100 which he claimed to have paid on said note. Appellant filed a motion for new trial on account of the newly discovered evidence of Roy Davis, deputy county clerk of Lampasas county, Will Longfield, J. T. McCarson, cashier of the Lometa State Bank, Alice Hester, and Gus Rombo. Appellant alleged that he expected to prove by said Davis that appellee came into the county clerk's office shortly after the suit herein was filed, and asked to see a mortgage which he had given to A. R. Roberts for $200, stating as a reason why he wanted to see said mortgage that he had paid appellant $100 which was not credited on the note, and that he had borrowed the money with which said payment was made from said Roberts; that the payment was made to appellant in the presence of witnesses, but that he took no receipt for the same; that said Davis showed to appellee the mortgage which he had given to Roberts for $200; and that the same was dated December 30, 1912. That he expected to prove by Will Longfield that about April 19, 1913, appellee had in his possession $100 which he won from Hugh Nelson, but that witness knew that he did not pay the same to

Horne. That appellant expected to prove by said McCarson that he was cashier of the Lometa State Bank, and that appellant had been in the habit of making daily deposits in said bank when his sales amounted to enough to justify a deposit; that on April, 19, 1913, appellant made no deposit in said bank; and that on April 21st he deposited $83.50. That he expected to prove by Alice Hester and Gus Rombo that they were clerks in his store, and that on January 1, 1912, and prior thereto, appellant had printed letter heads and billheads upon which was printed, "Agents for M. Born & Co., Tailors," but that he discontinued these words on his letter heads and billheads at that time, and had never used any letter heads or billheads with the said words on them since that time, and that there were no such letter heads or billheads in the store of appellant on or about April 20, 1913; that on February 12, 1913, appellant instituted a different system of receipts, by which when money was paid to him he would give a receipt, using a carbon, and retain a duplicate in a bound receipt book; that Alice Hester was bookkeeper for appellant.

Appellant filed with his motion for new trial affidavits of all of the parties mentioned therein, except Will Longfield, which affidavits sustained the allegations in plaintiff's motion for new trial. Appellant filed the affidavit of H. G. Townsend, to the effect that the witness Longfield stated to him, in substance as set out in said motion for rehearing, and that he did not file the affidavit of Longfield because he was a particular friend of appellee, and could not be approached to make such affidavit, but that he thought it probable if Longfield was put upon the stand he would tell the truth about the matter. It was alleged in said motion that all of said witnesses resided in Lampasas county, and that their testimony could and would be procured upon another trial hereof. Appellant stated that he did not have said witnesses McCarson, Hester, and Rombo present on the trial of this case, because he was surprised at the production of said receipt and the testimony of appellee in reference thereto. The said witnesses resided in Lometa, a distance of ——— miles from the town of Lampasas, where this case was tried, and that he did not learn of the facts that could be proven by said witnesses Davis or Longfield until after the trial hereof. Appellant also filed with said motion for rehearing the affidavit of A. McFarland, who stated that he was one of the attorneys for appellant, and that on appearance day of the term of court at which this case was tried the attorney for appellee handed him his answer therein, which answer alleged that defendant had paid appellant $100 on April 20, 1913; that affiant kept said answer in his possession until the day of the trial; that an examination of said answer shows that the alleged date of payment had been changed from the 20th to the 19th. Appellant fur-

ther stated in said motion that the receipt offered in evidence by appellee had been taken from the file in this case by appellee, and that he had been unable to procure the same, and moved the court that appellee be required to return said receipt and place the same with the papers in this cause. The court entered an order requiring appellee to return said receipt, and the same was served upon appellee. It was admitted by appellee's attorney that at the conclusion of the trial he gave said receipt to appellee, and that the same had not been returned to the files in this case.

The motion for new trial was overruled, from which appellant gave notice of appeal. At the request of appellant, the court entered an order requiring the clerk to send to this court said original receipt. This has not been done, nor is the receipt set out in the statement of facts, for the reason that the same has never been returned and placed among the papers in this case. The clerk has sent to this court the following certificate, showing why he did not send up the original receipt, as ordered by the court:

"A. L. Horne v. W. P. Stockton. No. 297.
"In the County Court of Lampasas County, Texas.
"I, the undersigned county clerk of Lampasas county, Texas, do hereby certify that I have carefully searched the papers and files in above case and do not find among them the original receipt from plaintiff to defendant introduced in evidence by defendant on the trial of said cause and referred to in the plaintiff's amended motion for new trial and in the order and judgment of the court herein; and that the defendant has not returned said receipt to this office in accordance with the order of the court in this cause, directing him so to do.
"Witness my signature and the seal of said court this the 31st day of December, 1914.
"J. E. Morgan, Clerk of the County Court Lampasas County, Texas,
"By Roy Davis, Deputy." [Seal.]

Opinion.

[1] By the conduct of appellee in taking away and not returning the receipt offered in evidence herein, appellant has been deprived of a correct statement of facts, and has also been deprived of his right to have said original receipt submitted to this court for inspection. This alone would be sufficient cause for reversing this case.

[2] The court should have granted the appellant's motion for a new trial. It appears that he was surprised at the testimony of appellee and the production of said receipt, and he could not have anticipated the materiality of the testimony of the witnesses McCarson, Hester, and Rumbo. In Wolf v. Mahan, 57 Tex. 175, it is said:

"It is desirable that there should be an end of litigation with as little delay and expense as possible, consistently with the great end of litigation—a correct decision of causes according to their real merits; but it should always be sought in subordination to the great end to be attained."

We do not think that the testimony of the witnesses is cumulative, but if it were that would be no sufficient reason, under the facts of this case, for refusing to grant a new trial. In the case above referred to, the court said:

"The reason of the rule forbidding a new trial for the purpose of admitting cumulative testimony does not apply where the party has had no fair opportunity to procure and adduce evidence on the issue raised by his adversary for the first time, during the trial, by the introduction of evidence which could not be anticipated. * * * The policy which seeks to limit continued litigation does not apply where a party has had no fair opportunity to present his side of the case—no real day in court."

See, also, Douglas v. Walker, 42 Tex. Civ. App. 213, 92 S. W. 1027.

The answer of appellee, alleging that he had paid appellant $100 on April 20, 1913, did not put appellant upon notice that he intended to prove said allegation by producing the receipt offered in evidence in this case, and therefore appellant was not required to be prepared with evidence to show that said receipt was a forgery, which the testimony of the witnesses tended to prove.

[3] The testimony of the witnesses McCarson, Hester, and Rombo was not newly discovered, in the sense that appellant did not know that he could prove the facts by them as set out in his motion for new trial; but the materiality of said testimony was not known to him until said receipt was produced on the trial of this case. If the receipt was a forgery, as alleged by appellant, he could not anticipate its existence until it was produced in evidence, and therefore could not be expected to have witnesses on hand to prove such fact.

For the reasons stated, the judgment of the trial court is reversed, and this case is remanded.