DELANO v. DELANO.    (No. 5627.)

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1916. On Motion for Rehearing, Nov. 29, 1916.)

1. NEW TRIAL ⬧102(9)—NEWLY DISCOVERED EVIDENCE—KNOWLEDGE OF MATERIALITY.

In action by one son against another for partition and to equal share in the west half of a tract of land left by their deceased intestate mother, the defense being that plaintiff had no interest in the land in the suit because his mother had conveyed to him the east half of the whole tract as an advancement of his whole portion of the estate, although the deed of said east half recited a valuable cash consideration which plaintiff testified was paid, *held* error, when plaintiff prevailed, to refuse new trial upon convincing affidavits from several persons who lived in plaintiff's neighborhood, that he had always

been short of money and had been supported by his mother, etc., where defendant lived in a distant county, and where it appeared that prior to the trial plaintiff had testified in the case of the estate of his mother, where the same question was involved, but at that time had failed to make any claim that he had paid any part of the cash consideration stated in the deed; for it could not have been anticipated that plaintiff, after having testified on the same subject in the will case, would so change his testimony as to claim he had made a cash payment, and defendant could not have been prepared to controvert such a claim.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 214; Dec. Dig. &#9758;102(9).]

## On Motion for Rehearing.

2. EVIDENCE &#9758;419(2) — PAROL EVIDENCE — CONSIDERATION — DEED — CONTRACTUAL RECITAL.

In a deed conveying the fee-simple title to an heir of grantor, the recital of consideration of cash paid, and also that grantee's stepdaughter should receive the same interest in land as his own children, was not contractual and for that reason conclusive against another heir of grantor of the fact that the cash consideration was in fact paid, and that the conveyance was not an advancement within Rev. St. art. 2467, requiring advancements to be brought into hotch potch, for the stepdaughter of the grantee would take nothing under such a stipulation, since his own children did not take anything, the grantee taking the whole fee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1912; Dec. Dig. &#9758;419(2).]

3. EVIDENCE &#9758;419(5) — PAROL EVIDENCE — CONSIDERATION—DEED.

The recital of a paid consideration in a deed is not conclusive on the parties thereto, but may be disproved by parol.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1915; Dec. Dig. &#9758;419(5).]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by J. R. Delano against L. S. Delano. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Henderson, Kidd & Gillis, of Cameron, and J. W. Garner, of Rockdale, for appellant. Lyles & Lyles and E. A. Wallace, all of Cameron, for appellee.

RICE, J. For many years prior to 1910 Mrs. E. J. Delano and her son J. R. Delano and family lived together on a tract of land constituting the homestead of Mrs. Delano, near Granger. Some time in March of that year she sold said tract of land, and with the proceeds thereof purchased from Joe Wanoreck and wife a tract of 280 acres out of the Delgado grant in Milam county, and in consideration therefor paid $1,000 cash, and executed two notes of even date, one for $4,000, due November 1, 1910, and the other for $3,460, due January 1, 1911. Thereafter, on the 25th of February, 1911, she conveyed the east half of this tract to her son, J. R. Delano, reciting a cash consideration in the deed of $4,320. Mrs. Delano died intestate in the early part of January, 1913, leaving as her only heirs at law her two sons, L. S.

and J. R. Delano; and the latter brought this suit against his brother, L. S. Delano, for partition of the west half of said tract of land, alleging that they were joint and equal owners thereof.

Appellant answered by plea of not guilty, claiming title to all of the west half of the 280-acre tract, and denied that appellee had any interest therein, alleging that their mother purchased the entire tract of 280 acres, paying the consideration therefor, and acquired title thereto in her own right, and afterwards, by way of advancement of his portion of the estate, conveyed the east half thereof to his brother, J. R. Delano, reserving the west half for appellant at her death; that while the deed by his mother to his brother for the east half recited a consideration of $4,320 paid by him, yet, in truth and in fact, no money or other valuable consideration was paid therefor, but that the real consideration was a gift and advancement by his mother to his brother, which was intended to be a charge against him in the partition of her estate after her death.

So that the controlling question in this case is whether or not appellee, under said deed, acquired title to the east half of said land by purchase or by way of advancement. The case was tried before the court without a jury, who found in favor of appellee, and judgment was rendered to the effect that each party owned an undivided half interest in the west half of said tract of land, and appointing commissioners to partition the same between them, from which judgment appellant prosecutes this appeal.

[1] While there are numerous errors assigned, it will, in our judgment, be only necessary to pass upon the tenth assignment, which complains that the court erred in refusing to grant a new trial on the ground of newly discovered testimony, which appellant claims was material to his defense, and which would probably change the result on another trial, and which he could not have discovered by the exercise of reasonable diligence.

It is not necessary to set out the facts in detail, but it is sufficient to say that appellee's contention was supported alone by the deed from his mother and his own testimony; while appellant's theory was sustained by the testimony of himself and W. D. Wells, an apparently disinterested witness, together with strong corroborating circumstances.

With reference to the consideration in the deed, appellee testified, in effect, that he paid the same partly in cash and partly by services rendered his mother as follows: (1) That he supported and maintained her without compensation for a period of some 25 years; (2) that he paid the $1,000 mentioned as the cash consideration in the deed from her to him out of his own money; and (3) that she

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

told him, if he would effect the sale of her Williamson county land (which he claimed to have done) and purchase the Milam county tract, that she would give him one-half of said land. He also stated that he paid $80 at one time for her account, and $50 at another, all of which, he asserted, entered into the consideration for her conveyance to him of the east half of the Milam county land. He further testified that this land was purchased before the Williamson county land was sold, and before she had a purchaser for it. In accounting for the $1,000 so claimed to have been paid by him, he stated that it was the proceeds of his earnings from the sale of his crops, stock, etc.; that he had accumulated it during a period of years and deposited $500 thereof in the First National Bank of Granger during the fall of 1909, which he drew out some time during that fall and placed it with the Granger State Bank, which was also called the Farmers' State Bank, and in which last-named bank he had opened an account. It further appears from the evidence that appellee testified as a witness prior to this time in the case of the estate of his mother, pending in the district court of Milam county, where the same question as here was involved, but he failed to make any claim that he had paid any part of this $1,000 cash consideration mentioned in the deed.

Appellant made a motion for a new trial, to which he attached the affidavits of numerous witnesses who lived at and near Granger in which it was shown that J. R. Delano's mother supported him and his family from the rents of her farm and the pension she drew from the government; that he never had any money to amount to anything; that at the time the place at Granger was sold his mother received the sum of $1,000 cash down with some other land, and also $6,000 in notes; that she immediately sent him (J. R. Delano) to Milam county to look at some land; that the Milam County land was bought; and that this $1,000 cash which she received from the sale of the Williamson county land was paid thereon. And it was also shown that he did not have anything to do with the sale of the Williamson county land, but that one Jennings, a real estate agent, made the deal and received his commission therefor.

Stores, one of the affiants, testified that he lived at Granger and was president of the First National Bank there; that he knew J. R. Delano, and had known him for a good many years; that he examined the books of the First National Bank of Granger for the months of July, August, September, October, November, and December, 1909, for the purpose of ascertaining whether J. R. Delano ever had or kept a deposit in said bank, and found that the bank books showed no deposit or business of any kind with J. R. Delano during the year 1909; that he found no evidence of Delano's having drawn $500 from the First National Bank of Granger during that year.

Another witness, whose affidavit is attached, testified that he had lived in the vicinity of Granger since the summer of 1886; that he had known J. R. Delano and his mother well since the year 1891; that it was generally known in Granger during all these years that his mother was supporting him; it was also generally understood that he did not have any money ahead.

Pope, another one of the affiants, testified that he was 38 years old, and had lived in the vicinity of Granger all of his life; that he had known J. R. Delano and his mother during all of this time; had been in the mercantile business since 1897 continuously; that J. R. Delano and his mother traded with him each year since he had been in the business until they left there; that they ran separate accounts; that his mother paid her account, but that J. R. had not paid his; that he never paid any part of his mother's store account, and she paid it from money obtained from her pension and from rents from her little farm, and the general understanding there was that he had no money.

Evans, another merchant, testified that Mrs. Delano was the person who bought the groceries that were bought for them, and that she paid for the same with her pension money; that J. R. was not of a thrifty nature, but was an easy-going sort of a fellow, and that during all the time that he had known him he had never been prosperous; that his mother cashed her vouchers received from her pension with him, and paid for her groceries out of same.

John Farr, another witness whose affidavit was attached to the motion, testified that he had known the Delanos since 1882; that he knew that J. R. was hard up for money all the time, and that his mother helped to support him for years and years; that she drew a pension; and that J. R. nearly always used part of it for his living, and had the reputation in the county of being hard up for money.

Appellant lived in Coryell, a distant county, and was not supposed to be conversant with the facts set out in his motion for a new trial. The town of Granger was some 40 miles distant from Cameron, where this case was tried, and it could not have been anticipated that appellee, who had testified on the same subject in the will case, would so change his testimony as to claim that he had paid $1,000 of the purchase money, when he did not mention that fact on the trial of that case, though closely questioned with reference to the whole transaction; so that this is the first time that appellant had notice of any such claim, and hence could not have been prepared to controvert it.

In view of the testimony in the whole

record, we are of opinion that the trial court erred in refusing to grant a new trial, and therefore sustain this assignment. See Wolf v. Mahan, 57 Tex. 171; T. & P. Ry. Co. v. Barron, 78 Tex. 421, 14 S. W. 698; Douglas v. Walker, 42 Tex. Civ. App. 213, 92 S. W. 1026; Horne v. Stockton, 178 S. W. 962; H. & T. C. Ry. Co. v. Jos. Forsyth, 49 Tex. 171.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

In view of the fact that the trial court concluded as matter of law that the recital in the deed from E. J. Delano to appellee was contractual, establishing the title thereby conveyed as one of purchase, and that such recital was conclusive on the issue of advancement, appellee contends in his motion for rehearing that, since we failed to sustain the eighth assignment, complaining of such conclusion of law, we were in error in reversing the case on the ground of newly discovered testimony, since this testimony, by virtue of such conclusion, would become immaterial and not admissible.

[2, 3] Believing that the trial court erred in such conclusion of law, we sustain the eighth assignment, and hold that the recitals in the deed are not contractual. The recital referred to reads thus:

"That I, Mrs. E. J. Delano, for and in consideration of the sum of $4,300.00 to me in hand paid by J. R. Delano (my son), the receipt of which is hereby acknowledged, and the further consideration that Annie Roberson, a child of the wife of said J. R. Delano by her former marriage, and who is a half-sister to the children of the grantee herein, shall receive an equal and exact share of the property hereby conveyed, the same as if she were a daughter of my said son, have granted, sold and conveyed, and by these presents do grant, sell, and convey, unto the said J. R. Delano, of the county of Milam," etc., the following described land, etc. "To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said J. R. Delano, his heirs and assigns forever."

It will be observed that the recital does not bind the grantee to do or not to do anything. It merely recites that Annie Roberson shall receive such an interest in the land as the children of J. R. Delano should receive. And it further appears from such conveyance that his own children did not receive anything, but that he himself took the fee-simple title to the land in question, without remainder to any one. Hence Annie Roberson could take nothing under this stipulation, and such recital had no binding legal effect. The court was therefore in error in finding, as a conclusion of law, that such recital was contractual. It is well settled in this state that the recital of a paid consideration in a deed is not conclusive on the parties thereto, but may be disproved by parol. See article 2467,

R. S.; Lanier v. Foust, 81 Tex. 186, 16 S. W. 994; Garrett v. Robinson, 43 S. W. 288; Taylor v. Merrill, 64 Tex. 494; McLean v. Ellis, 79 Tex. 398, 15 S. W. 394; Morrison v. Morrison, 43 Tex. Civ. App. 339, 96 S. W. 100; Johnson v. Elmen, 24 Tex. Civ. App. 43, 59 S. W. 605; Id., 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; 6 Am. & Eng. Ency. 779; Meeker v. Meeker, 16 Conn. 383; Bruce v. Slemp, 82 Va. 353, 4 S. E. 692; Sadler v. Huffhines (Ky.) 12 S. W. 715; Barbee v. Barbee, 109 N. C. 299, 13 S. E. 792.

Appellant's object in assailing this deed was not for the purpose of avoiding it, but for the sole purpose of showing that the land conveyed by it was intended as an advancement to appellee, and that he should be charged with it in the partition of his mother's estate. Evidence of this character, we think, was admissible, and should have been heard under the authorities above cited.

Believing that the court erred in both the respects indicated, the motion for rehearing is overruled.

Motion overruled.