**RUTHERFORD et al. v. DEAVER et al.**
(No. 257–3473.)

(Commission of Appeals of Texas, Section B. Dec. 14, 1921.)

**1. Descent and distribution ☞93—Father's conveyance of separate property to children of first marriage held not an advancement.**

Where a parent was married a second time, and conveyed to children of first marriage a parcel of land which he owned as his separate property, in consideration of love and affection, held that such conveyance was a gift, with no requirement that the grantees account in final partition of grantor's separate estate, and hence was not an advancement.

**2. Descent and distribution ☞115, 118—Burden of proof on parties alleging that deed was intended as advancement, and question was for the jury.**

Where it was pleaded that a deed from a father to children of his first marriage was intended as an advancement, the burden was upon the party so alleging to prove it, and the issue of fact thereon was for the jury.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Mrs. M. F. Rutherford and others against Mrs. Pete Deaver and others. Judgment for the defendants, and the plaintiffs appealed to the Court of Civil Appeals, which affirmed the judgment (218 S. W. 31), and the plaintiffs bring error. Judgments of district court and Court of Civil Appeals reversed, and cause remanded to the former for another trial not inconsistent with the opinion.

T. T. Thompson, of Clarksville, and Wilkinson & Davidson, of Mt. Vernon, for plaintiffs in error.

Mahaffey, Keeney & Dalby, of Texarkana, and E. S. Chambers, of Clarksville, for defendants in error.

POWELL, J. The nature and result of this case have been admirably stated by the Court of Civil Appeals as follows:

"By his first wife Pete Fulbright, Sr., had two children, a daughter named Birdie, who married one Rutherford, and a son named Henry E., who died, leaving as his sole heirs a daughter and two sons, who with Mrs. Rutherford were plaintiffs in the court below and are appellants here. By his second wife Pete Fulbright, Sr., had one child, a daughter, also named Pete, who married one Deaver. She was the defendant in the court below, and is the appellee here. Pete Fulbright, Sr., owned as a part of his separate estate 375 acres of the John Laud survey in Red River county. By a deed dated February 2, 1880, for love and affection he had for his daughter Mrs. Rutherford, and his son, Henry E., he conveyed to them 175 of said 375 acres of land. Pete Fulbright, Sr., died intestate in May, 1881, owning the remainder of said 375 acres and an interest in the community estate between him and his second wife, consisting, it seems, of personal property and two tracts of land. November 29, 1882, the 200 acres of the Laud survey owned by said Pete Fulbright, Sr., when he died, was set apart to his widow and their daughter Pete, then a minor, for their use as a homestead. At the same time certain personal property was set apart to them. The proceeds of certain other personal property sold by Pete Fulbright, Sr.'s administrator was used to pay debts of the estate, and allowances made by

the probate court to said widow and her minor daughter. A partition of the property remaining (except the 200 acres in controversy here) in which Pete Fulbright, Sr., owned an interest was had between his heirs, including Mrs. Rutherford and H. E. Fulbright, in 1889. In that partition no account was taken of the fact that Pete Fulbright, Sr., during his lifetime had given 175 acres of the Laud survey to Mrs. Rutherford and H. E. Fulbright. The widow of Pete Fulbright, Sr.'s second marriage took possession of the 200 acres of the Laud survey at the time it was set apart to her and her minor daughter in 1882, and thereafter until her death in July, 1916, used it as her homestead. Mrs. Rutherford and the children of H. E. Fulbright claimed that the 200 acres was owned as follows: One-third by Mrs. Rutherford, one-third by the children of H. E. Fulbright, deceased, and one-third by Mrs. Pete Deaver; and the object of their suit against Mrs. Deaver was to have it partitioned accordingly. Defending the suit, Mrs. Deaver claimed that the 175 acres, conveyed to Mrs. Rutherford and H. E. Fulbright in 1881 was an advancement to them by Pete Fulbright, Sr., out of his estate; that said Mrs. Rutherford and H. E. Fulbright at once took possession of, and ever afterwards used, the 175 acres free of any charge or claim thereto in favor of any other person; that the widow of the second marriage owned a life estate of one-third in the 200 acres remaining of the Laud survey, and that the same was, besides, charged with the right of said widow to use it as a homestead while she lived; that said widow did so use same; that the value of the 175 acres advanced to said Mrs. Rutherford and H. E. Fulbright, as compared with the value of the 200 acres remaining of the 375 acres, charged as it was with the life estate and homestead right in the widow of the second marriage, exceeded the value of the interests owned by Mrs. Rutherford and H. E. Fulbright in the estate of their father; that said Mrs. Rutherford and H. E. Fulbright therefore were not entitled to any part of said 200 acres; and that she, Mrs. Deaver, was entitled as against them, to all of said 200 acres. The appeal is from a judgment in Mrs. Deaver's favor in accordance with her contention."

The case was tried before a jury upon special issues. Based upon the jury's answers thereto, judgment was entered as aforesaid. Upon appeal, the Court of Civil Appeals affirmed the judgment of the trial court. See 218 S. W. 31.

[1] The controlling question on this appeal involves the proper construction of the granting clause of a deed executed by Pete Fulbright on February 2, 1880, conveying his two children therein mentioned 175 acres of land out of his separate estate. Said granting clause reads as follows:

"For and in consideration of the love and respect, affection which I have and bear for my daughter, Birdie Rutherford and my son, Henry E. Fulbright, do by these presents give, grant and convey to the said Birdie Rutherford and Henry E. Fulbright, their heirs and assigns, all that tract or parcel of land," etc.

It was conceded by all the parties that the granting clause aforesaid, on its face, as a matter of law, constituted a gift. The point in controversy is whether or not, such a clause in such a deed, purporting on its face to be a gift, will be presumed, as a matter of law, to have constituted an advancement. The trial court held that such a conveyance, as a matter of law, in the absence of any outside proof to the contrary, constituted an advancement; that the law would so presume. So holding, he refused to submit to the jury, although requested so to do by plaintiffs in error, the issue as to whether such conveyance was an unconditional gift or a mere advancement to be accounted for later. He decided that issue himself as a matter of law, and submitted to the jury special issues involving only a partition of all the property upon the theory that the deed in question was an advancement.

There was no direct testimony in the record showing the intention of the grantor in the conveyance. Plaintiffs in error, voluntarily assuming the burden of proof in that connection, offered one witness. The testimony was objected to by counsel for defendants in error, and the objection was sustained by the trial court.

We think this question is clearly ruled by an opinion of the Supreme Court of Texas in case of Sparks v. Spence, 40 Tex. 694. The Court of Civil Appeals expresses some doubt as to the exact meaning of the latter opinion, but practically concedes that it would have to be overruled if the judgment of the trial court in the case at bar was to be affirmed. It did affirm the latter judgment, and, referring to the case of Sparks v. Spence, supra, used the following language:

"But whatever may have been the basis of the conclusion reached by the court in that case, if it was that, notwithstanding the absence of testimony to the contrary, a presumption should not be indulged that a substantial gift, by an intestate parent of property belonging to his separate estate, to one of his children, was intended as an advancement to that child, we think it was wrong and against the overwhelming weight of the authorities."

In attempting to overrule the opinion of the Supreme Court in the case referred to, we think the Court of Civil Appeals is in error. This decision of the Supreme Court seems entirely clear to us, and we think exactly in point; it has remained unchallenged by our Supreme Court for nearly half a century; therefore, we are not inclined to recommend any change in the holding of that court, which is now so well established. Not only so, but we are decidedly of the view that the rule it announces is in reason a better one than that promulgated by the Court of Civil Appeals in affirming the case at bar.

It is quite clear that the case of Sparks v. Spence, supra, involved some deeds out of the community estate and others out of the separate estate of the grantor. That accounts for the various rulings made in said case. The following quotations from Judge Gould's opinion therein, in our judgment, constitute splendid statements of the rules of law which should have governed the district court in the trial of the instant case:

First. "Some of the plaintiffs received from their father in his lifetime, and have long enjoyed, part of the community lands, for one-half of which they sue. These conveyances purport to be gifts, and are prima facie advancements on the interest of the children in the community. The judgment rendered allows these plaintiffs to retain the share thus received, and gives them in addition their full interest in the entire half of the community lands. The father, it is true, might have so conveyed as to show an intention to make a gift in addition to, and not in satisfaction of, the interest of his child in the property, part of which he conveys. Proof might be made that such was his intention, though not expressed in the instrument. But it is most unreasonable to assume such an intention in the absence of proof. The natural conclusion is that the conveyance is made in discharge in full or in part of the obligation the parent is under to give the child his legal interest in the community estate, of which the land conveyed is part. The principle recognized in courts of equity as to advancements by a parent to a child is laid down as follows: 'Where a debt exists from a parent to a child, an advancement upon the child's marriage, or upon some other occasion, of a portion equal or exceeding the debt in the parent's life, shall prima facie be deemed as satisfaction.' Plunkett v. Lewis, 3 Hare, 25 Eng. Ch. 323. In that case Lord Hendricks is quoted as saying: 'There are very few cases where a father will not be presumed to have paid a debt he owes to a daughter, when in his lifetime he gives her in marriage a greater sum than he owed her. for it is very unnatural that he would choose to leave himself indebted to her and subject to an account. Id. and 2 Atk. 521.'

Second. "As to the conveyances made of lands other than the community, they stand on a different footing. If in reality these conveyances were intended and accepted in satisfaction, either in whole or in part, of the interest of the devisees in the community lands, then if the parties who received them were competent to contract, or held on to the lands or proceeded after becoming so, they ought to be held to their agreement, and that too whether it was express or implied. Whilst in the case of community land so received we think the presumption, until rebutted, is that they were intended to be in discharge pro tanto of the child's interest, we cannot say that such presumption exists where the property conveyed is not part of the community. It is still, however, a question of fact and should be submitted to the jury. The charge of the court did not allow the jury to consider these advancements, except where they were equal in value to the interest of the party in property devised to others, and in thus limiting it was erroneous."

Third. Finally, in reversing the judgment and remanding the case, the court speaks as follows: "As to that one of the children of W. C. and Sarah Sparks who received nothing by way of advancements in his lifetime, there is no error in the judgment save that part of it which is for money. As to the others, they must account for whatever they received by way of advancement out of the community estate, unless they show that it was given with a different intention; and where the advancements were of other than the community estate the question of the intention with which they were made should be submitted to the jury. In either case the value of the advancements is to be estimated at the time when made, and is to be deducted from their share of the community at its value at the same time."

The deed in question in the instant case, on its face, purports to be an unconditional gift. No restrictions of any kind are expressed in the written conveyance. Men of average intelligence are presumed in written instruments to have fully expressed their intentions. Appellate courts have very properly been slow to ingraft on written contracts conditions which are not expressed therein. Especially have they been slow to do so when they have to be legally presumed in the absence of any proof whatever, and when the conditions asked to be presumed as a matter of law are largely inconsistent with the written instrument itself. The deed under consideration, so far as its terms go, is a gift with no requirement that the grantees account for the property so conveyed in a final partition of the separate estate of the grantor. It is reasonable to presume that the father, had he wished to divide his separate estate equally among his children, would have attached certain conditions to the deed in question, constituting the same a mere advancement to be accounted for later. Or, failing to do that, he certainly would have left a will, providing that his estate should be so divided after his death as to take into account property theretofore deeded to certain of his children. He did neither. He made this deed, as shown above. He left no will. Therefore it is only reasonable to assume that he expected the 200 acres in question to be divided among his children, share and share alike, under the statutes of descent and distribution.

[2] In the face of the deed to the contrary, defendants in error pleaded that said deed was an advancement. So contending, the burden was upon them to introduce certain facts and circumstances in evidence, if any they had, so that the jury might determine whether or not the deed was intended as an advancement. Said issue was one of fact for the jury and not one of law for the trial court. The latter court improperly refused to submit this issue to the jury as requested by plaintiffs in error. There were a few cir-

cumstances in the case which would have probably entitled the defendants in error to a presentation of said issue to the jury.

A father can dispose of his separate estate as he pleases. He can bequeath more to one child than another. There are many considerations entering into such matters. Lands are frequently not divided equally among children. In the absence of any proof to that effect, aside from a deed which on its face is an unconditional gift, certainly the law should not presume restrictions and limitations upon the estate so conveyed.

Judge Gould makes clear the distinction between conveyances out of the community and separate estates of the grantor. A deed of gift by a father, after the death of his wife, to certain of their children, out of the community estate, in the absence of proof to the contrary, would naturally and very properly be presumed as an advancement to such children out of their legal interest in the community estate. In such a case, the father would simply be conveying something he did not entirely own, and property already rightfully belonging, at least in part, to the grantee. There is much reason, therefore, for the distinction drawn by Judge Gould, and we see no reason to depart therefrom.

For other cases somewhat in point with the decision by Judge Gould aforesaid we refer to the following: Wilson v. Helms, 59 Tex. 680; Williams v. Emberson, 22 Tex. Civ. App. 522, 55 S. W. 595; Smart v. Panther, 42 Tex. Civ. App. 262, 95 S. W. 679.

From the case of Smart v. Panther, supra, we quote as follows:

"It is contended that the court erred in rendering judgment in favor of the appellee, Panther, for one-third of the property sued for, because the evidence showed that J. J. King, whose interest appellee claimed, did not embrace so much of said land. This contention is predicated upon the theory that the said J. J. King had received, before the death of his father, J. H. King, on his interest in his father's estate, property of the value of $800, and the other heirs, Mrs. Smart and Mrs. Zarr, had only received together property of the value of $1,000, and therefore the interest of the said J. J. King in said estate was less than one-third. That one of several children who has received, before the death of the parent, by way of an advancement on his interest in the parent's estate, an amount greater than that so received by the other heirs, is not entitled to share equally with such other heirs upon a final division of the estate, without accounting to them for such excess, may be conceded to be a correct proposition of law; but that is not the proposition presented by the evidence in this case. There is evidence to the effect that the said J. J. King had received, before the death of his father and from him, a tract of land of the value of $800, and that his sisters, Mrs. Smart and Mrs. Zarr, had only received together property of the value of $1,000, but there is no evidence found in the record tending to show that said property was given to either of them as an advancement on his or her interest in said estate. If the property given was merely a gift and not an advancement on the interest he or she would inherit, upon the father's death, in his estate, then neither of them could be required, upon a final partition and distribution of said estate, to account for such property so received, but each would take share and share alike, as though no such gift had been made."

We think the Court of Civil Appeals properly decided the other points presented.

For the erroneous ruling heretofore pointed out, involving the failure of the trial court to submit to the jury the issue as to whether or not the deed in question constituted an advancement, we think the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the former for another trial not inconsistent herewith. We so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.