## BAILEY v. BAILEY.
### No. 2789.

Court of Civil Appeals of Texas.
Tenth Dist. Waco.

May 20, 1948.

Rehearing Denied June 10, 1948.

Crawford C. Martin, of Hillsboro, for appellant.

M. S. Wood and John Abney, both of Hillsboro, for appellee.

TIREY, Justice.

This is an appeal from the judgment of the district court approving the final account of the independent executor without bond of the joint will of James L. Bailey and Mrs. Essie Bailey (heretofore filed in and approved by the County court, which final account, among other things, set out that George Ellis Bailey was indebted to the estate in the amount of $1222.00). The judgment of the district court decreed in effect that the independent executor shall deduct $1222.00 from the share of the personalty bequeathed to George Ellis Bailey. The case was tried before the court without a jury and upon the request of appellant the trial court filed findings of fact and conclusions of law. The pertinent parts are:

"1. On November 27, 1944, James L. Bailey and his wife, Mrs. Essie Bailey, executed a joint will, by which they undertook to dispose of their entire estate (less certain realty which was devised in specific tracts to each of the nine children and another specific tract to the heirs of a deceased child) by each of them leaving

his or her respective share to the survivor for life, and after the death of the survivor to each of nine children, and the heirs of a deceased child, in ten equal shares.

"2. James L. Bailey died in December 1944, after which the will was probated and Mrs. Essie Bailey qualified as independent executrix.

"3. Mrs. Essie Bailey died March 31, 1946, after which the will was again probated as her will by the proponent, Boyd Bailey, who qualified as independent executor.

\* \* \* \* \* \*

"6. On February 16, 1946, Mrs. Essie Bailey signed a check for $1220.00, payable to the opponent, George Ellis Bailey, which check was presented for payment and paid to the said George Ellis Bailey, who used same to pay a personal obligation. No part of said $1220.00 has ever been paid back to Mrs. Essie Bailey or her estate.

"7. The executor held his final account wherein the $1220.00 is set up as a charge against George Ellis Bailey, to which there is also added $2.00 due the estate for a cot purchased by the opponent from the executor, the total charge against George Ellis Bailey being $1222.00. The final account was approved by the County Court, from which order the opponent, George Ellis Bailey, has appealed to this court."

The court concluded as a matter of law:

"1. Mrs. Essie Bailey, by her acceptance of the will and qualifying as independent executrix, became bound by all the provisions of the will, and all funds received by her under the provisions of the will were likewise bound by said provisions, which required George Ellis Bailey to share equally in the distribution of said funds, and Mrs. Essie Bailey was without power to give any of said funds to George Ellis Bailey.

"2. The $1220.00 obtained by George Ellis Bailey being a portion of the trust fund, the said George Ellis Bailey is under obligation to restore it to the trustee, Boyd Bailey, and until it is so restored, George Ellis Bailey is not entitled to demand from the trustee any part of the funds on hand due him in excess of $1220.00.

"3. The $2.00 charge for the cot is likewise a valid claim against George Ellis Bailey, and makes the total amount which he is under obligation to restore $1222.00, before he is entitled to demand any part of the estate due him; (other than the realty) which was specific devise and which has already been turned over to him.

"4. The amount of money to which George Ellis Bailey is entitled in the final distribution of the estate being less than the $1222.00 charge against him, he is therefore not entitled to any sum, unless and until he repays the $1222.00."

Item II of the joint will is:

II. I, the said James L. Bailey, do hereby give to my beloved wife, Mrs. Essie Bailey, all of my estate, real, personal and mixed of whatsoever name and nature and wheresoever situate so long as she may live, and after her death the same to be disposed of as hereinafter stated."

Item III appointed Mrs. Essie Bailey independent executrix of the will without bond and independent of the orders of the court, and further provided: "She is authorized to rent the lands and receive and use the rental income therefrom from time to time as she may choose and without being accountable to any person for the same or any part thereof." This provision of the will is in direct and irreconcilable conflict with the conclusions of law filed by the trial court wherein he held that (a) the rents and revenues received by Mrs. Bailey became impressed with a trust and that she was without power to give any of said funds to George Ellis Bailey, and (b) Mrs. Essie Bailey was not authorized under the provisions of the will to use the rents from the lands as she might choose and without being accountable to any person for the same or any part thereof.

Appellee in his brief says: "The amount of the deposit upon which the check was drawn (immediately prior to withdrawal of the $1220.00) was $4121.69, of which $2863.98 had been in said bank at the death of J. L. Bailey and $1257.71 was rent derived from the community property after his death." The court further found "there was more than sufficient amount of money

on hand to discharge the debts of Essie Bailey when she died."

The evidence is without dispute that the check for $1220.00 was drawn by George Ellis Bailey and that his mother executed the check and delivered it to him six weeks prior to her death. He took the check to the bank on which it was drawn and deposited it to his account and at the same time executed and delivered his check to said bank in the sum of $1220.00, which amount paid in full a note which George Ellis Bailey owed to the bank. The record is silent as to any agreement had between George Ellis Bailey and his mother at the time she executed and delivered the check for $1220.00 to him. So we reach the sole question as to who had the burden of proof—that is to say, did George Ellis Bailey have the burden of proof to show that the $1220.00 check was a gift of his mother to him; or did the executor have the burden of showing that the $1220.00 check was a loan or an advancement from the mother to the son?

In Texas the rule is: "The doctrine of advancements applies in a strict sense only in case of intestacy, and the technical rules as to advancements have no application where there is a will." Wyatt v. Wyatt, Tex.Civ.App., 188 S.W.2d 685, 688 (writ ref.), points 4-8, and see cases therein cited. Moreover, although a party dies intestate, the burden of proving that a transaction was intended as an advancement is upon the party so contending. 1 Tex.Jur. 791, sec. 9. The above rule of law was applied by our Commission of Appeals in Rutherford v. Deaver, Tex. Com.App., 235 S.W. 853, point 2.

No issue was tendered by pleading or proof that the $1220.00 check exceeded the rents and revenues that Mrs. Bailey had received from the estate, and appellee in his brief states to the contrary. In Medlin v. Medlin, Tex.Civ.App., 203 S.W.2d 635, 640 (writ ref.) the rule is stated: " * * * that in the absence of restrictions or limitations in the instrument creating a life estate, a life-tenant is entitled to everything in the nature of revenue or income produced by the prop-erty during his tenancy. Wagnon v. Wagnon, Tex.Civ.App., 16 S.W.2d 366 (writ ref.)." In the case at bar the will specifically authorized Mrs. Bailey to "use the rental income from time to time as she may choose and without being accountable to any person for the same or any part thereof." Under this provision of the will Mrs. Bailey became vested with the title and ownership of the rents and revenues and the rents received during her lifetime did not become a part of the corpus of the estate until her death and such rents and revenues could not be impressed with a trust character so long as she lived. The rule in Texas is that gifts made by the testator or testatrix are not chargeable against the interest bequeathed to such persons receiving the gifts. The rule and the reason therefor is succinctly stated in Dunn v. Vinyard, Tex.Civ.App., 234 S.W. 99, point 4, p. 103. aff. by S. Ct. 251 S.W. 1043, point 16. Our view is that under the express terms of the will Mrs. Bailey, in the exercise of her judgment, had the right to come to the rescue of one of her children who was being pressed by the bank to pay his obligation, and so long as she paid it out of the rents and revenues that she had recieved and did not deplete the corpus of the estate, she had the right to do so. Since Mrs. Bailey had the right to use the rents without any limitation, the burden rested upon the executor to show that the $1220.00 item was a loan or advancement and not a gift, and absent such pleading and proof he cannot prevail. See Dunn v. Vinyard, supra. Since such issue was not tendered, it is our duty to reverse and render the judgment of the trial court.

Accordingly, the judgment of the trial court wherein it fixed the sum of $1220.00 as a charge against the personalty bequeathed to George Ellis Bailey is hereby reversed and rendered. There is no contest as to the $2.00 charge against appellant and that will be allowed to stand and the judgment in all other respects is affirmed. All of the costs are taxed against the executor.

The judgment of the trial court is affirmed in part and reversed and rendered in part.