J. C. IRWIN, Appellant,

v.

V. T. IRWIN et al., Appellees.

No. 3281.

Court of Civil Appeals of Texas.

Eastland.

March 8, 1957.

Rehearing Denied April 5, 1957.

J. G. Harrell, Breckenridge, for appellant.

Judge D. D. Williams, Throckmorton, Thornton & Thornton, Olney, for appellees.

COLLINGS, Justice.

This is a suit for partition of the estates of John C. Irwin and Annie Irwin, both deceased. V. T. Irwin, L. A. Irwin, Stanley Irwin, Firl Irwin, Berthol Irwin and Mrs. Gladys Irwin Bresslin, as plaintiffs brought suit in the District Court of Throckmorton County, Texas, against the defendants, J. C. Irwin, Oral Irwin and Mrs. Velma Hozeska. Plaintiffs and defendants are children and/or heirs at law of the said John C. Irwin and Annie Irwin. The defendants answered and by way of cross-action made claim against V. T. Irwin for sums alleged to have been diverted from the John C. Irwin estate, which it was alleged he did not distribute, and against V. T. Irwin, L. A. Irwin and Firl Irwin for alleged advancements, being sums taken from Annie Irwin during her lifetime in the form of gifts and loans. The trial was before the court without a jury and judgment was rendered for plaintiffs, denying defendants their claim for the amounts sought to be charged against the plaintiffs, V. T. Irwin, L. A. Irwin and Firl Irwin. J. C. Irwin alone brings this appeal.

John C. Irwin and Mrs. Annie Irwin were husband and wife and neither was ever married during their respective lives except for their marriage to each other. John C. Irwin died intestate on February 18, 1938, in Shackleford County. There was no administration upon his estate and no indebtedness requiring administration. After the death of John C. Irwin his wid-

ow, Mrs. Annie Irwin, never remarried and she died intestate on July 1, 1954, in Shackleford County, Texas. There was no administration or necessity therefor upon her estate. At the time of the death of John C. Irwin, on February 18, 1938, he was the owner of a community one-half interest in the property, both real and personal, involved in this suit, except for profits since earned, and his widow, Mrs. Annie Irwin, was the owner of the remaining one-half community interest therein.

Upon request of appellant the court filed findings of fact and conclusions of law, material portions of which are as follows:

"(2) I find that Mrs. Annie Irwin for several years prior to her death was an invalid and spent considerable time under nurses and medical care, but I further find that the said Mrs. Annie Irwin was mentally alert and in full possession of her mental faculties up until the date of her death.

"(3) I find that shortly after the death of John C. Irwin in 1938 that his widow, Mrs. Annie Irwin, and the children of John C. Irwin, Deceased, executed a power of attorney naming Mrs. Annie Irwin, J. C. Irwin and V. T. Irwin therein, with authority to carry on and handle the estate's business, and to deposit all moneys in an account in the First National Bank of Albany, Texas, and in the name of John C. Irwin Estate. That thereafter and until about the year 1941, J. C. Irwin, V. T. Irwin and Mrs. Annie Irwin actually handled and carried on the business of such properties and in that manner. That about the year 1941 the said J. C. Irwin ceased to participate in any way in the handling and management of the affairs of the estate, but that the said J. C. Irwin took no action of any kind to change, modify or terminate the powers in such power-of-attorney, and that the said J. C. Irwin never took any action toward a

partition until the filing of the present suit.

"(4) I find that at the time of the death of John C. Irwin in 1938 that he and his wife, Mrs. Annie Irwin, were engaged in the ranching and cattle raising business, and that such business was continued from 1938 until the death of Mrs. Annie Irwin in 1954 without any particular change in the conduct of such business. That after about 1941 such ranching and cattle raising business was conducted under the management of Mrs. Annie Irwin and V. T. Irwin. That on account of the physical incapacity of Mrs. Annie Irwin that the actual work of carrying on such ranching and cattle raising operations and the management thereof largely fell upon V. T. Irwin and such duties were so discharged by him.

"(5) I find that during her lifetime Mrs. Annie Irwin made gifts to different of the children and at different times, and that while at times her gifts may have exceeded the amount of cash that she actually owned at that time, yet Mrs. Annie Irwin at all times owned her community interest in the properties, and that she never at any time made gifts to the children that would have exceeded the value of the ownership of her interest in such properties, and that if in fact she made any gifts during her lifetime that appeared to have been from funds exceeding her interest in the funds then on hand, that any such excessive expenditures by Mrs. Annie Irwin should be charged over against her estate, and which will not result in any way in a change as to the amount that any heir will receive in this partition case.

"(6) I find further that no party plaintiff or defendant was ever ousted in any manner from said estate or his or her interest therein, and that at no time was any refusal of information

desired by any party plaintiff or defendant shown to have occurred.

"(7) I find that the surface of the real estate described in such agreed facts is susceptible of partition in kind.

### Conclusions of Law

"(1) I conclude that since there is no showing of fraud, mishandling of properties or funds, or over-reaching on the part of any party plaintiff or defendant herein, that the properties, real and personal, now on hand, being susceptible of partition, should be so partitioned and divided among the parties plaintiff and defendant, and as set out in the judgment entered by the Court herein.

"(2) I conclude that the war bonds as listed in the judgment should be divided among the parties plaintiff and defendant, and as set out in such judgment.

"(3) I conclude that if in fact Mrs. Annie Irwin expended at any time during her lifetime moneys or funds beyond those then actually owned by her, that in that event any such excessive expenditures by her should be charged against her estate, and that in so charging same against her estate, since there would be no difference in the ultimate result, and that no party plaintiff or defendant will receive any less in the partition of the properties and funds of such estate by reason thereof, that it becomes immaterial as a matter of law as to the charging of such excessive expenditures, if any, over against the estate of Mrs. Annie Irwin, Deceased."

■ The evidence shows that at the time of the death of John C. Irwin in 1938 he and his wife, Mrs. Annie Irwin, were the owners of the approximately 2,000 acres of land involved in this suit and were engaged in the ranching and cattle raising business. The record further shows that shortly after

John C. Irwin's death, his widow, Mrs. Irwin, and their children executed a power of attorney authorizing Mrs. Irwin and two of her sons, J. C. Irwin and V. T. Irwin, to carry on and operate the business of the estate. We overrule appellant's contention that there was no evidence to support the court's finding that the parties hereto executed this power of attorney. Appellant alleged the execution of the power of attorney. A copy of the power of attorney was attached as an exhibit to appellant's pleading. Appellant is bound thereby and no further proof of the execution of the power of attorney or of its terms was required. 8 Tex.Jur.Supp. 294.

From 1938 until 1941 J. C. Irwin, together with V. T. Irwin and their mother, operated the business of the estate under the authority of the power of attorney. Sometime in 1941 J. C. Irwin ceased to participate, but Mrs. Annie Irwin and V. T. Irwin continued the operation of the business in the same manner until Mrs. Annie Irwin's death.

■ Appellant contends in effect that in any event no authority is shown for V. T. Irwin and Mrs. Annie Irwin to continue the operation of the business of the estate after J. C. Irwin ceased to participate. Appellant urges that the power of attorney granted authority to the three agents jointly and that such power could not be exercised by less than the three agents acting together. See 2 Tex.Jur. 541; 2 Amer.Jur. 201. We cannot agree that no authority is shown for V. T. Irwin and Mrs. Annie Irwin to operate the business of the estate after J. C. Irwin ceased to participate. In the first place they were co-tenants together with the other children of Mrs. Irwin and her deceased husband. As such, each was entitled to possession of the jointly owned property. It was under these circumstances that V. T. Irwin and his mother, Mrs. Annie Irwin, after J. C. Irwin ceased to participate, continued to operate the business of the estate until her death in essentially the same manner that the three

of them had previously operated it under authority of the power of attorney. Cattle were bought and sold. Hired help on the ranch was employed, directed and paid. Feed and other necessities for the operation of the ranching business were purchased as needed and bills were paid. Profits from the operation of the business were distributed among and received by all of the co-tenants, who were owners of the estate. V. T. Irwin and Mrs. Annie Irwin operated the ranch property in this manner from 1941 until Mrs. Irwin's death in 1954. During the first ten years of this period most of the checks given in payment of the business expenses of the estate were apparently signed by both Mrs. Annie Irwin and V. T. Irwin. For the remaining approximately four years prior to Mrs. Irwin's death these checks were signed by V. T. Irwin. There is no evidence of any objection by any of the other co-tenants until this suit was filed. The creation or the extension of the relation of principal and agent rests in the intention of the parties, which may be inferred from the conduct of the parties under all of the circumstances. 2 Tex.Jur. 398; 2 C.J.S., Agency, § 17, p. 1041. We overrule appellant's points which question the authority of V. T. Irwin and his mother to operate the business of the estate.

■ In numerous points appellant challenges the court's fifth finding of fact. It is contended that the court erred in finding that transactions, which appellant alleges were in effect gifts, by Mrs. Annie Irwin should be charged against her estate rather than as advancements to the parties receiving them. It is urged by appellant that the transactions which were found by the court to be gifts were, as a matter of law, advancements contemplated by Article 2576, V.A.T.C.S. We cannot agree with this contention. Article 2576 provides as follows:

"Where any of the children of a person dying intestate, or their issue, shall have received from such intes-

tate in his lifetime any real, personal or mixed estate by way of advancement, and shall choose to come into the partition and distribution of the estate with the other distributees, such advancement shall be brought into hotchpotch with the whole estate, and such party returning such advancement shall thereupon be entitled to his proper portion of the whole estate; provided that it shall be sufficient to account for the value of the property so brought into hotchpotch at the time it was advanced."

■ The above statute has been repealed and replaced by § 44 of the Probate Code, V.A.T.S., which became effective January 1, 1956. The transaction here involved all occurred prior to that date and are controlled by Article 2576. The statute provides, in effect, that when the child of a person dying intestate shall receive from his said parent during the parent's lifetime any property "by way of advancement" and then after the parent's death seeks to participate in the partition or distribution of the estate that "such advancement" must be brought into hotchpotch with the whole estate before the child is entitled to participate in the partition. It is held that the burden of proving that a transaction is an advancement is on the party so contending. Bailey v. Bailey, Tex.Civ.App., 212 S.W.2d 189 (Writ Ref.). Also see Interpretative Commentary following § 44 of the Probate Code.

Appellant contends that the evidence does show that certain payments found by the court to be gifts and which appellant says were "in effect" gifts were in fact advancements and should be charged against the distributive share of the persons receiving them. He urges that in the absence of circumstances showing a contrary intention there is a presumption that gifts by parents to their children are advancements. He cites as authority Morrison v. Morrison, 43 Tex.Civ.App. 339, 96 S.W. 100 (Error Ref.). The facts of the

instant case are to be distinguished from those of the Morrison case. In that case the gift by the mother to her son was from the proceeds of the sale of the family farm which constituted the entire community estate. The gift was from the corpus of the estate of which the mother and all of her children were joint owners. Under such facts the court held that in the absence of circumstances showing a contrary intention it would be presumed that the gift by the mother of more than one-third of the proceeds of the sale of the family farm to one of her seven children was "by way of advancement". We cannot agree with appellant's contention that the gifts in the instant case were from the corpus of the John C. Irwin estate. The gifts by Mrs. Irwin were made from funds which she received as her part of the profits from the operation of the business of the estate. If Mrs. Annie Irwin elected to make gifts therefrom to some of her children we see no reason for the presumption that such gifts were intended as advancements, as long as her interest in the estate was sufficient to absorb such gifts and other charges against her estate at the time the gifts were made.

The record of receipts and disbursements of the John C. Irwin estate covering a period from March, 1938, to July, 1954, shows itemized expenses of more than $31,-000 designated as household, hospital, doctor, drug, grocery, gas, water and miscellaneous expenses. These expenses although paid out of the John C. Irwin estate were evidently incurred on behalf of Mrs. Annie Irwin.

There was evidence to the effect and the court found that she was in bad health and required nurses, medical and hospital attention for a long period before her death in 1954. Appellant's contention that these expenses were not properly chargeable to the John C. Irwin estate is well taken. Obviously such expenses should be charged to Mrs. Annie Irwin and to her interest in the estate. It is undisputed that these expenses which were charged to and paid from the John C. Irwin estate, together with the amounts which Mrs. Annie Irwin received from the distribution of the profits, amounted to more than her share of the profits. The evidence indicates that the John C. Irwin estate had during the entire period an income of $134,611.52 and that $65,646.04 was spent in the operation of the ranch. Only $38,-424.02 of the $68,965.43 profits was distributed. Mrs. Irwin received her one-half or the sum of $19,212. But this latter sum added to the expenses of more than $31,-000 with which her estate should be charged is greater than her one-half of the net profits. It is also undisputed, however, that Mrs. Irwin's interest in the estate is more than sufficient to take care of these expenses and gifts which she made to appellees. Her interest is more than sufficient to absorb all of such expenses and all of the amounts received by her as disbursements from the profits. Under such circumstances the fact that the funds distributed to her as profits together with expenses incurred in her behalf but paid out of the John C. Irwin estate exceeded her interest in the profits, is not controlling. The court properly found that the expenses incurred in behalf of Mrs. Irwin should be charged against her estate. In our opinion the court also properly found that the gifts by Mrs. Irwin made out of the funds received by her as profits should be charged against her estate rather than "as advancements" to the parties receiving them. Mrs. Irwin's estate is amply sufficient to cover these gifts and charges. Since Mrs. Irwin's estate was sufficient to cover these gifts and charges and since the children and heirs of John C. Irwin and Annie Irwin have the same proportionate interest in each of the estates, there is no difference in the ultimate result or in the proportionate share of the properties and funds of the combined estates that each party would be entitled to receive if the questioned expenditures by Mrs. Annie Irwin, or on her behalf, were charged to and borne by the John C. Irwin estate rather than by her own estate. We overrule ap-

pellant's contention that the court erred in so holding.

We have carefully considered all points urged by appellant and are of the opinion that no reversible error is shown. The judgment is affirmed.