**J. E. PRUNER et al., Appellants,**

v.

**Eiland LOVEJOY, Administrator, et al., Appellees.**

No. 3570.

Court of Civil Appeals of Texas.

Waco.

May 28, 1958.

Rehearing Denied July 1, 1958.

Ernest May, Fort Worth, Walter M. Hilliard, Caldwell, for appellants.

T. R. Mears, Byron L. McClellan, Gatesville, for appellees.

McDONALD, Chief Justice.

This case is an appeal of a partition in probate. Parties will be referred to as in the Trial Court. Petitioners are Eiland Lovejoy, Administrator of the Estate of Mrs. L. B. Brown, deceased, Mrs. Edna Ruth Lovejoy (who is the wife of Eiland Lovejoy), Mrs. Countice Honeycutt and husband, and Mrs. Louise Schwalbe and husband. Respondents are Jim Ed Pruner and Mrs. Lucile Denman. Mrs Lovejoy, Mrs. Honeycutt, Jim Ed Pruner and Mrs. Denman are children of Mrs. L. B. Brown, deceased, and Mrs. Schwalbe is the only heir of a deceased daughter of Mrs. Brown. They constitute all of the heirs at law of the deceased. Petitioner Lovejoy became administrator of the estate of Mrs. L. B. Brown, deceased, who died intestate, as the result of an agreement of all of the deceased's heirs at law. He filed application for partition of the estate on 6 February 1957, alleged that all debts had been paid, and prayed that certain sums of money received by Jim Ed Pruner and Mrs. Denman be charged against them as advancements and that they be required to account for same in the partition.

Respondents Pruner and Mrs. Denman answered, denying that the amounts received by them during their mother's lifetime were advancements, and alleged that same were absolute gifts and should not be charged against their distributive share in their mother's estate.

Trial was to the court without a jury, which found that the estate was fully administered; that Pruner had received $4,616 from his mother during her lifetime; that Mrs. Denman had received $3,500 from her mother during her lifetime; that such amounts were advancements and that respondents must account for same in the partition.

Respondents appeal, contending:

1) The testimony of administrator Lovejoy was violative of Article 3716, Vernon's Ann.Civ.St. (the Dead Man's Statute).

2) That the testimony of administrator Lovejoy was hearsay of his intestate, and as such inadmissible.

3) That the advancements to Pruner and Mrs. Denman were not proved.

The only issue to be determined in this case is whether the moneys received by Mr. Pruner and Mrs. Denman from their mother during her lifetime were advancements or whether same were outright gifts. It is undisputed in the evidence that respondents received the alleged amounts by checks, from their mother during her lifetime.

■ Section 44 of the Texas Probate Code, Vol. 17A, V.A.T.S., which went into effect on January 1, 1956, provides:

"* * * Every gratuitous inter vivos transfer is deemed to be an absolute gift and not an advancement unless proved to be an advancement. * * *"

Prior to the effective date of the Probate Code the rule was substantially the same; i. e., that a party asserting that transfers made prior to the death of a party were an advancement has the burden of proving such fact. Rutherford v. Deaver, Tex.Com.App., 235 S.W. 853, opinion adopted Sup.Ct.; Bailey v. Bailey, Tex.Civ.App., 212 S.W.2d 189, W/E Refused.

Petitioners have duly *plead* that the amounts received by respondents were advancements. Their *proof* consisted of the testimony of Eiland Lovejoy, the administrator of the estate, and husband of one of the petitioners. He testified:

"After Mr. Brown died, Mrs. Brown consulted with me frequently about her business affairs. She consulted and talked with me at the time these checks were being given and paid. At the time some of the checks would come in, she would talk to me or tell me that a check came in, one that had been given and that had arrived at the bank. She said to me a number of times that

they had gotten their part of the estate. One particular time, she had some checks and was listing them at her desk—and I came in, and she had those checks out in front of her there, and she says, 'They have got their part of the estate.' She was talking about Lucile and Jim Ed. I have personal knowledge of some of these checks. I knew of them at the time. She (Mrs. Brown) told me about them. The checks payable to the finance company and Otis Chambers were for the purchase of a pickup truck. Jim Ed bought a pickup truck out there. Mrs. Brown gave him the money to make the down payments and paid the monthly installments, around fifty dollars a month. The note here payable to the National Bank signed by Jim Ed and by Mrs. Brown as surety was paid by Mrs. Brown. The check to Mary Helen Leads for $3,500 signed by Miss Lucile and Mrs. Brown was for the purchase of a home. That home belongs to Mrs. Denman. The source of my information about those things was general knowledge in the family group. I would hear the discussions of it in the family group. I do not recall any time that was discussed when Mrs. Brown was not there."

The foregoing constitutes all of the proof tendered by petitioners to sustain their pleading and contention that the $4,616 in checks (in evidence) payable to Jim Ed Pruner or in his behalf, and the $3,500 in checks in evidence payable to Mrs. Lucile Denman or in her behalf were *advancements* rather than gifts. As noted, the burden of proof was upon petitioners. The foregoing testimony was objected to on the ground that it was being offered by the administrator as to a transaction with or statement by the intestate, in violation of Article 3716.

█ Respondents' first contention in this court is that such evidence was inadmissible as violative of Article 3716. Petitioners

alleged that the estate was fully administered and prayed for partition. Respondents by answer admitted that such was the case, and the Trial Court in its judgment found that the estate was fully administered except for partition. If the estate has been fully administered the executor would be a mere nominal party and no judgment could be rendered which would affect him in such capacity. Pugh v. Turner, 145 Tex. 292, 197 S.W.2d 822, 172 A.L.R. 707. Likewise, the witness had no interest in the estate as the husband of Mrs. Edna Ruth Lovejoy. Lehmann v. Krahl, 155 Tex. 270, 285 S.W.2d 179. Under the foregoing authorities, administrator Lovejoy could neither profit nor lose by any judgment that might be rendered in the case because the questions as to whether the checks represent advancements or gifts, only contested issue in the case, could affect only the five heirs of the estate. We believe that the testimony of administrator Lovejoy was not violative of Article 3716.

We come now to a consideration of the 2nd and 3rd contentions of respondents, viz., that administrator Lovejoy's testimony was "hearsay", and that petitioners did not discharge their burden of proof that the checks given by the deceased to or in behalf of Mr. Pruner and Mrs. Denman were *advancements*. In the absence of such proof such must be presumed to be gifts.

█ Administrator Lovejoy testified that Mrs. Brown consulted with him frequently about her business affairs; that he saw her going through her checks; that he knew the particular checks for the $4,616 to Mr. Pruner and the $3,500 to Mrs. Denman went to pay for Mr. Pruner's pickup and to pay his note at the bank; and that the $3,500 went to pay for a home for Mrs. Denman. He testifies that he *knows* the foregoing. The checks are in evidence. The foregoing, however, does not bear on whether the checks represented advancements or gifts. Mr. Lovejoy further testifies that on occasion when Mrs. Brown had some checks out before her

(which checks not identified) she told him that Lucile (Mrs. Denman) and Jim Ed (Pruner) had gotten their part of the estate. The foregoing is *hearsay* and as such is incompetent. Incompetent testimony can never form the basis of a finding of fact in an appellate court, notwithstanding its presence in the record without objection. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533. Absent the hearsay testimony of Mr. Lovejoy, there is *no proof* that the $4,616 and $3,500 were advancements. We note moreover that Mr. Lovejoy did not claim personal knowledge that Mrs. Brown intended the checks in issue in this case to be by way of advancements when made; all he knows is that she told him that Jim Ed and Lucile had got (already) their part of the estate. The times were not fixed but manifestly were subsequent to the giving of the checks making up the $4,616 and the $3,500. The hearsay statements cannot be considered for any purpose, but even considering same, we doubt that petitioners discharged their burden of proof that the amounts sought to be charged as advancements were in fact such. Respondents' second and third contentions are accordingly sustained.

From the foregoing it follows that the cause must be reversed and judgment here rendered for equal partition of the estate in administration.

Reversed and rendered.

HALE, J., took no part in the consideration and disposition of this case.

On Rehearing

McDONALD, Chief Justice.

Appellees have filed two very able motions for rehearing in this cause. This court did not decide this cause under the new probate code, but on the contrary it is our view that the law applicable prior to the effective date of the new probate code is applicable. Under such law it is our view that a person asserting that an advancement was made has the burden of pleading and proving such fact. Rutherford v. Deaver, Tex.Com.App., 235 S.W. 853; Irwin v. Irwin, Tex.Civ.App., 300 S.W.2d 199 (no writ history); Interpretative Commentary, p. 161, Vol. 17A, Probate Code, V.A.T.S.

Appellees contend that under the law in effect prior to the new probate code, that an inter vivos transfer was *presumed to be an advancement,* and cite Morrison v. Morrison, 43 Tex.Civ.App. 339, 96 S.W. 100, Er.Ref., in support of such contention. In the Morrison case the property transferred was community property of the transferor and a deceased husband, who was the father of *transferee,* so the transferee already had an interest in the property. In the case at bar it should be noted that *all* of decedent's property was her separate property (community of decedent and her husband, who was not the father of litigants herein), and the parties to this litigation had no interest therein except through the decedent. Prior to the effective date of the new probate code the Morrison case is not authority to create a presumption that an inter vivos transfer of *separate* property was an advancement. We think that the cases of Rutherford v. Deaver and Irwin v. Irwin, supra, are binding authority for the fact that the party asserting that a transfer of decedent's separate property was an advancement, had the burden of pleading and proving such fact. See, also, Sparks v. Spence, 40 Tex. 693, 694, 699. In the foregoing case our Supreme Court said:

"Whilst in the case of community land so received we think the presumption, until rebutted, is that they were intended to be in discharge pro tanto of the child's interest, *we cannot say such presumption exists where the property conveyed is not part of the community. It is still however a question of fact * * *.*"

It is our view that there is no competent evidence in the record to establish that

the amounts received by appellants are advancements. On the contrary, appellants received the checks; and in the instance of Jim Ed Pruner, he received a deed for a portion of the amounts contended to be advancements. We think that appellees failed to discharge their burden of proof that the amounts sought to be charged as advancements were in fact such. For the reasons stated, appellees' motions for rehearing are respectfully overruled.

HALE, J., took no part in the consideration and disposition of these motions.